**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SFR INVESTMENTS POOL 1, LLC,

Plaintiff

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION and NATIONSTAR MORTGAGE, LLC,

Defendants

Case No.: 2:15-cv-00806-APG-NJK

**Order (1) Denying the Defendants' Motion for Summary Judgment and (2) Denying as Moot SFR's Motion for Sanctions**

[ECF Nos. 61, 64]

Plaintiff SFR Investments Pool 1, LLC filed this action in state court in 2013 to quiet title in property located at 3365 Sheep Canyon Street in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA). SFR's original complaint was against defendants Nationstar Mortgage, LLC (Nationstar) and the former homeowner. ECF No. 1-2. In 2014, SFR amended its complaint to add defendant Federal Home Loan Mortgage Corporation (Freddie Mac). ECF No. 5-12. SFR alleged that Nationstar was the servicer of the loan secured by the deed of trust on the property and that Freddie Mac was the owner of the promissory note and "actual beneficiary" of the deed of trust. *Id.* at 7. SFR presumably did so in response to the deposition of Nationstar's witness who testified that Nationstar was servicing the loan on Freddie Mac's behalf. ECF No. 67-1 at 6.

Contrary to its own witness's testimony, however, Nationstar and Freddie Mac denied these allegations in their answer, and their counterclaim alleged that Nationstar acquired the deed of trust, without any allegations about Freddie Mac owning the note or deed of trust. ECF No. 9-4 at 7, 11. Indeed, the defendants' answer repeatedly refers to the deed of trust and any interest thereunder as "Nationstar's" and states that Nationstar claims an interest in the property without

making a similar statement about Freddie Mac. *See id.* at 4, 6, 8, 9, 11-12. And there was no mention in the answer or counterclaim of the federal foreclosure bar in 12 U.S.C. § 4617(j)(3). Freddie Mac later removed the action to this court. ECF No. 1.

The parties engaged in discovery and filed an initial round of summary judgment motions, which I denied without prejudice when I entered a stay in this case. *See* ECF No. 49. In their initial summary judgment motion, the defendants asserted that Nationstar serviced the loan for Freddie Mac (despite having denied it in their answer), but they did not raise the federal foreclosure bar as a basis for judgment. *See* ECF No. 28 at 3.

I lifted the stay in August 2019 and directed the parties to confer on whether additional discovery needed to be conducted. ECF No. 57. The parties agreed that the deadlines to conduct discovery and to amend the pleadings closed before the stay was entered and that those deadlines should remain in effect. ECF No. 59. During this conference, the defendants set forth their position that the federal foreclosure bar would apply. ECF Nos. 61-16; 64-1. SFR responded that the defense was waived because it was not pleaded and it would be barred by the statute of limitations. ECF Nos. 61-16; 64-1.

Nationstar and Freddie Mac now move for summary judgment on the ground that the federal foreclosure bar precludes the HOA sale from extinguishing Freddie Mac's interest in the property without the affirmative consent of the Federal Housing Finance Agency (FHFA). Nationstar and Freddie Mac alternatively argue the sale should be equitably set aside because the property was sold for a grossly inadequate price and because the HOA and its foreclosure agent represented in the CC&Rs and in a press release that foreclosure would not impact the deed of trust. They contend bidding thus was chilled because potential purchasers would believe they were buying the property subject to the deed of trust. The defendants further assert that given the

legal uncertainty at the time, the HOA and its agent should have announced whether they were foreclosing on a superpriority lien. Finally, the defendants contend the sale violated due process.

SFR opposes the defendants' motion and moves for sanctions under Federal Rule of Civil Procedure 37. SFR contends that the defendants have waived the federal foreclosure bar because they did not raise it in the answer or counterclaim. And SFR contends the defendants cannot raise it now because the deadline to amend the pleadings has passed and the defendants have not been diligent in seeking amendment, and because the defense or counterclaim would be barred by the statute of limitations. SFR also contends that the defendants did not disclose any of the documents or the witness supporting the federal foreclosure bar argument during discovery, so those documents and that witness should be excluded under Rule 37.

The defendants respond that any failure to disclose was harmless. They also contend they need not assert the federal foreclosure bar as a defense or a counterclaim because it is a rule of decision for resolving SFR's quiet title claim and Nationstar's declaratory relief claim. Alternatively, they contend that if amendment is necessary, they should be permitted to do so, and amendment would be timely because it would relate back under Federal Rule of Civil Procedure 15.

I deny the defendants' motion for summary judgment because the federal foreclosure bar is an affirmative defense that the defendants waived by not timely asserting it. I deny their request to amend because they have not been diligent in seeking to amend the scheduling order's deadline for amending pleadings. I thus deny SFR's motion for sanctions as moot because the federal foreclosure bar evidence is irrelevant once the defense has been waived. I deny the remainder of the defendants' motion because there is no basis to equitably set aside the sale and there is no due process violation.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Federal Foreclosure Bar

The parties dispute whether the federal foreclosure bar is an affirmative defense and, if it is, whether the defendants waived it or can amend to assert it now. I conclude the federal foreclosure bar is an affirmative defense that must be pleaded or it is waived. Because the defendants did not assert it in their answer, they waived it. I deny the defendants' request to amend their answer because they have not been diligent in requesting amendment, so they cannot show good cause for amending the scheduling order's deadline to amend pleadings.

Federal Rule of Civil Procedure 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." "An affirmative defense is defined as '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) (quoting Black's Law Dictionary 430 (7th ed. 1999)).[1]

Failure to set forth an affirmative defense in the answer waives that defense. *In re Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007). However, the United States Court of Appeals for the Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Magana v. Commonwealth of the N. Mar. I.*, 107 F.3d 1436, 1446 (9th Cir. 1997). I may permit a defendant to raise an affirmative defense for the first time in a motion for summary judgment, but "only if the delay does not prejudice the plaintiff." *Id.*

The Ninth Circuit cases allowing a defendant to raise an affirmative defense for the first time in a motion for summary judgment do not evaluate whether the defendant should be required to meet Federal Rule of Civil Procedure 16(b)'s "good cause" standard if a scheduling order is in place. "Additionally, to the extent these cases stand for the proposition that prejudice to the plaintiff is the only inquiry, these cases truncate the Rule 15(a) analysis, which, in addition to prejudice to the opposing party, considers bad faith, undue delay, futility of amendment, and whether the moving party previously has amended the pleading at issue." *Hernandez v. Creative Concepts, Inc.*, 295 F.R.D. 500, 504-05 (D. Nev. 2013). I conclude that if a defendant seeks to assert a new affirmative defense in a motion for summary judgment after the deadline to amend

[1] *See also Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 449 (1st Cir.1995) (stating that a "defense falls within the Rule 8(c) residuary clause [when] the defense shares the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to" (quotation omitted)); *Clark Cty. Sch. Dist. v. Richardson Const., Inc.*, 168 P.3d 87, 94 & n.18 (Nev. 2007).

pleadings has expired, then the defendant must meet both Rule 16(b)'s good cause standard for amending the scheduling order as well as Rule 15's standard for amending the pleadings. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715-18 (8th Cir. 2008) (holding that the district court erred by failing to apply Rule 16(b)'s good cause standard in ruling on defendants' motion to amend); *Sadid v. Vailas*, 943 F. Supp. 2d 1125, 1140 (D. Idaho 2013) (holding that Rule 16(b)'s good cause standard applies to a defendant's attempt to assert a new affirmative defense after the scheduling order's deadline to amend pleadings has passed); *Hernandez*, 295 F.R.D. at 504-05 (same).

Where a party seeks to amend after the scheduling order's deadline for amending the pleadings has expired, the moving party first must satisfy Rule 16(b)'s stringent "good cause" standard. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16(b)'s "good cause" standard centers on the moving party's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson*, 975 F.2d at 609. The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action. *See, e.g.*, *United States v. Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007). Whether to modify the scheduling order's amendment deadline lies within my discretion.[2] *Dang*, 488 F.3d at 1142-43.

The federal foreclosure bar is an affirmative defense because the defendants seek to add the fact that Freddie Mac owned the note and deed of trust at the time of the 2013 HOA

---

[2] If the moving party is able to satisfy Rule 16(b)'s good cause standard, then I examine whether the amendment is proper under Rule 15(a). *Johnson*, 975 F.2d at 608. Because the defendants have not satisfied Rule 16(b)'s good cause standard, I need not evaluate whether to allow amendment under Rule 15.

foreclosure sale[3] and because the bar operates to preserve the deed of trust even taking as true SFR's allegations that the homeowner was in default on the superpriority amount, the HOA sale was properly conducted, and a properly conducted HOA sale on a superpriority lien ordinarily would extinguish all junior liens including the deed of trust. The defendants thus waived the defense by failing to assert it in their answer.

I deny the defendants' request to amend because the defendants cannot satisfy Rule 16(b)'s good cause standard. The defendants have known about the defense and the facts supporting it since before they filed their answer. The federal foreclosure bar was enacted in 2008 as part of the Housing and Economic Recovery Act and FHFA placed Freddie Mac in conservatorship that same year. *M&T Bank v. SFR Investments Pool 1, LLC*, --- F.3d ----, No. 18-17395, 2020 WL 3458978, at *2 (9th Cir. June 25, 2020). The defendants thus knew or should have known of this defense's availability for years before the 2013 HOA sale. Moreover, the defendants knew or should have known before this lawsuit was filed which of them owned the note and deed of trust at the time of the 2013 HOA sale. Further, as the defendants themselves point out, Nationstar's witness testified in May 2014 that Freddie Mac was the investor in the note and deed of trust and that Nationstar was Freddie Mac's servicer. Yet inexplicably, the defendants denied SFR's allegations and made no affirmative allegations about Freddie Mac's ownership. And they did not assert the federal foreclosure bar either as an affirmative defense or as part of their counterclaim.

---

[3] SFR alleged in its amended complaint that Freddie Mac had an interest in the note and deed of trust and that Freddie Mac had actual or constructive notice of the HOA's lien and foreclosure proceedings before it obtained its interest. ECF No. 5-12 at 7-8. SFR did not allege when Freddie Mac obtained its interest or that Freddie Mac obtained it prior to the HOA sale. In any event, the defendants denied SFR's allegations.

The scheduling order's deadline to amend the pleadings expired on July 31, 2015, before I entered a stay in this case; and after I lifted the stay the parties agreed not to reopen this deadline. ECF Nos. 18 at 2; 49; 59 at 2. The discovery deadline also expired before I entered a stay, and after I lifted the stay the parties agreed not to reopen discovery. ECF Nos. 18 at 2; 49; 59 at 2. The defendants agreed to these deadlines despite never having asserted the federal foreclosure bar, denying the facts that would support its application, and never producing in discovery the evidence they now seek to use at summary judgment.

This is the opposite of diligence. There is no good cause to amend the scheduling order to allow the defendants to change their denial of SFR's allegations, to add the new fact that Freddie Mac owned the note and deed of trust at the time of the HOA sale, and to assert the federal foreclosure bar as either an affirmative defense or as a counterclaim.

I therefore deny the defendants' motion for summary judgment on the basis of the federal foreclosure bar. Because the defense is waived, I deny as moot SFR's motion for sanctions to exclude the evidence supporting the defense.

**B. Equitably Set Aside the Sale**

To equitably set aside the sale, there must be proof of an inadequate price plus "some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 642-43 (Nev. 2017) (quotation omitted). Where the price inadequacy "is great, a court may grant relief based on slight evidence of fraud, unfairness, or oppression." *Id.* at 643. However, the fraud, unfairness, or oppression must have affected "the sale itself." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nev. Ass'n Servs., Inc.*, 437 P.3d 154, 160 (Nev. 2019) (en banc) (emphasis omitted). And even where there is an inadequate price brought about by fraud, unfairness, or

oppression, I am not required to set aside the sale. Rather, I must weigh all of the equities, including the impact the requested relief may have on a bona fide purchaser. *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1114-15 (Nev. 2016) (en banc). The defendants bear the burden of establishing some basis to set aside the sale. *Nationstar Mortg., LLC*, 405 P.3d at 646.

The defendants have failed to establish a basis to set aside the sale. They argue that the CC&Rs and the HOA agent's press release chilled bidding because potential purchasers would believe they were buying the property subject to the deed of trust. But the defendants present no evidence that they or anyone else relied on either the CC&Rs or the press release to decide whether or how much to bid on this property. Although the defendants contend buyers would presume the mortgage protection clause in the CC&Rs would protect the deed of trust, the Supreme Court of Nevada has rejected this argument. *See, e.g.*, *Nationstar Mortg., LLC v. BDJ Investments, LLC*, No. 75480, 452 P.3d 410, 2019 WL 6208548, at *2 (Nev. 2019) (stating that the court "must presume that any such bidders were aware of NRS 116.1104, such that they were not misled or chilled from bidding" by a mortgage protection clause in the CC&Rs).

The defendants' argument that the HOA should have announced it was foreclosing on a superpriority lien likewise fails. At the time of this sale, there were "no statutory requirements that the foreclosure notices state the superpriority component or whether the HOA was asserting a superpriority lien right." *Id.* And the defendants again present no evidence that they or anyone else would have acted differently if the HOA had announced it was foreclosing on a superpriority lien. "[T]he arguments and statements of counsel are not evidence and do not create issues of material fact . . . ." *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) (quotation omitted). Finally, the defendants present no evidence or argument as to how I should weigh the equities where there is no evidence that they

took action to preserve the deed of trust prior to the HOA sale. I therefore deny the defendants' motion on this basis.

**C. Due Process**

The HOA foreclosure statutes do not violate due process. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019) (citing *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc)); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016). I therefore deny the defendants' motion on this basis.

**II. CONCLUSION**

I THEREFORE ORDER that the defendants' motion for summary judgment **(ECF No. 61) is DENIED**.

I FURTHER ORDER that the plaintiff's motion for sanctions **(ECF No. 64) is DENIED as moot**.

DATED this 20th day of July, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE